IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| LUIS LOPEZ, on behalf of himself and all persons similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>JS LANDSCAPING SERVICES, LLC, aka JS LANDSCAPING, LLC, aka J&S LANDSCAPING, LLC, and JORGE SANCHEZ SILVA, Individually, and ANABEL ORTIZ PEREZ, Individually,<br><br>Defendants. | COLLECTIVE ACTION COMPLAINT<br><br>Jury Trial Demanded<br><br>Dkt. No.: |

Plaintiff LUIS LOPEZ ("Lopez" or "Plaintiff") on behalf of himself and all others similarly situated (collectively "Plaintiffs"), by and through his attorneys, upon personal knowledge as to himself and upon information and belief as to other matters, brings this Collective Action Complaint against Defendants JS LANDSCAPING SERVICES, LLC, aka JS LANDSCAPING, LLC, aka J&S LANDSCAPING, LLC ("J&S") and JORGE SANCHEZ SILVA, Individually.("Silva"), and ANABEL ORTIZ PEREZ, Individually ("Perez") (collectively "individual Defendants") ( J&S, Silva, and Perez are hereinafter collectively referred to as "Defendants"), and alleges as follows:

**INTRODUCTION**

1. Plaintiff brings this lawsuit seeking recovery against Defendants for Defendants' violation of the Fair Labor Standards Act, as amended (the "FLSA" or the "Act"), 29 U.S.C. §201 et. seq., the New Jersey State Wage and Hour Law, N.J.S.A. 34:11-56a et seq. ("NJWHL") and associated provisions of the New Jersey Administrative Code

1

("NJAC"), as well as the New Jersey Wage Payment Law, N.J.S.A. 34:11-4 et. seq. ("NJWPL").

2. Plaintiff brings this lawsuit against Defendants as a collective action on behalf of himself and all other persons similarly situated –non-exempt landscaping laborers– who suffered damages as a result of Defendants' violations of the FLSA pursuant to the collective action provisions of 29 U.S.C. § 216(b), and applicable state laws of the State of New Jersey.

## JURISDICTION AND VENUE

3. This Court has subject matter jurisdiction over Plaintiff's FLSA claims pursuant to 28 U.S.C. § 1331 and by 29 U.S.C. § 216(b).

4. This Court has supplemental jurisdiction over Plaintiff's New Jersey claims because those claims derive from a common nucleus of operative facts. 28 U.S.C. § 1367.

5. Venue is proper in the District of New Jersey pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to the claims occurred in this district.

6. At all times material hereto, Plaintiff performed landscaping duties for the Defendants in New Jersey based from Defendants' business located in Plainfield, New Jersey . Defendants are therefore within the jurisdiction and venue of this Court.

7. At all times pertinent to this Complaint, the Defendant J&S is an enterprise engaged in interstate commerce or in the production of interstate goods for commerce as   defined by the Act, 29 U.S.C. §§ 203(r) and 203(s).  More specifically, Defendants own, operate, and/or manage a company, which buys

materials and goods using the channels of interstate commerce in order to provide its end product to Defendants' consumers. Alternatively, Plaintiff and those similarly situated employees worked in interstate commerce, i.e., using the tools and products which have moved through interstate channels so as to produce an end product for Defendants' consumers. Thus Plaintiff and those similarly situated employees fall within the protections of the Act.

## **PARTIES**

**Plaintiff**

8. Plaintiff Lopez is an adult individual who is a resident of Plainfield, New Jersey.

9. Plaintiff Lopez was employed by Defendants full time as a landscaper. Plaintiff's duties included, but were not limited to, landscaping for Defendants' consumers.

10. Plaintiff worked for Defendants from in or about June, 2021, until in or about September, 2022.

**Corporate Defendant**

11. At all times relevant to this Complaint, the Defendant J&S employs individuals to perform landscape labor services on behalf of the Defendants.

12. Upon information and belief, at all times relevant to this Complaint, the Defendant, J&S's, annual gross volume of sales made or business done was not less than $500,000.00.

13. At all times relevant to this Complaint, the Defendant J&S was and is an employer engaged in commerce under the Fair Labor Standards Act, 29 U.S.C. § 201 et seq.

**Individual Defendants**

14. Upon information and belief, Defendant Silva is a New Jersey state resident.

15. Upon information and belief, at all times relevant to this Complaint, individual Defendant Silva has been an owner, partner, officer and/or manager of the Defendant J&S.

16. Upon information and belief, at all times relevant to this Complaint, individual Defendant Silva has had power over personnel decisions at the Defendant J&S, including the management of day to day operations, control over employee pay practices and the power to change same, and the power to hire and fire employees, set their wages, and otherwise control the terms of their employment.

17. Upon information and belief, Defendant Perez is a New Jersey state resident.

18. Upon information and belief, at all times relevant to this Complaint, individual Defendant Perez has been an owner, partner, officer and/or manager of the Defendant J&S.

19. Upon information and belief, at all times relevant to this Complaint, individual Defendant Perez has had power over personnel decisions at the Defendant J&S, including the management of day to day operations, control over employee pay practices and the power to change same, and the power to hire and fire employees, set their wages, and otherwise control the terms of their employment.

## **FLSA COLLECTIVE ALLEGATIONS**

20. This action is properly maintainable as a collective action pursuant to the Fair Labor Standards Act, 29 U.S.C. § 216(b).

21. This action is brought on behalf of the Plaintiff and similarly situated employees who performed and continue to perform work for Defendants as landscape laborers so as to recover their unpaid overtime compensation.

22. The Plaintiff and those employees similarly situated to Plaintiff are all victims of the Defendants' common policy and/or plan to violate the FLSA by failing to pay overtime wages, at a rate of one and one half times their regular rate of pay, for all time worked in excess of 40 hours in any given week pursuant to 29 U.S.C. § 207.

23. Upon information and belief, Defendants uniformly applied the same employment policies, practices, and procedures to all landscape laborers who worked and/or continue to work for the Defendants performing landscaping labor.

24. This action is properly maintainable as a collective action pursuant to § 216(b) of the Act. At all relevant times, Plaintiff and other similarly situated current and former employees were engaged in commerce and/or the production of goods and the service of goods for commerce within the meaning of 29 U.S.C. §§ 206(a) and 207(a).

25. The overtime wage provisions set forth in §§ 201 *et. seq.* of the FLSA apply to Defendants.

## FACTS

26. Based upon the information preliminarily available, and subject to discovery in this cause, the Defendants did not properly compensate Plaintiff and those similarly situated employees, for all overtime hours worked in a work week.

27. From approximately June, 2021, until in or about September, 2022, Plaintiff was paid an hourly rate of pay.

28. During his employment with Defendants, Plaintiff's hourly rate of pay was initially $21.00 per hour and was subsequently raised to $25.00 per hour.

29. Plaintiff routinely worked five (5) days per week.

30. Plaintiff routinely worked between eleven (11) and twelve (12) hours per day.

31. Plaintiff worked approximately fifty-five (55) hours per week.

32. Plaintiff rarely, if ever worked, less than forty (40) hours a week.

33. Plaintiff was not paid time and one half for his hours worked over forty (40) in a work week. Instead, Plaintiff was improperly paid his regular rate of pay for all hours worked.

34. Upon information and belief, employees similarly situated to Plaintiff were also only compensated at their regular rate of pay for their hours worked in excess of forty (40) hours per week and were not compensated at one and one half times their regular rate of pay for their overtime hours worked in a work week.

35. Defendants have engaged in a widespread pattern, policy, and practice of violating the FLSA and the New Jersey wage and hour laws, as described in this Complaint.

36. At all times material hereto, Plaintiff and all similarly situated employees were performing their duties for the benefit of and on behalf of Defendants.

37. This cause of action is brought to recover from Defendants overtime compensation, liquidated damages, and costs and reasonable attorneys' fees under the provisions of 29 U.S.C. §216(b), as well as applicable provisions of New Jersey wage and hour laws, on behalf of Plaintiff and all other current and former employees similarly situated during the material time.

38. The records, if any, concerning the number of hours worked by Plaintiff and all other similarly situated employees as Plaintiff, are in the possession and custody of Defendants.

39. The records, if any, concerning the compensation actually paid to Plaintiff and all other similarly situated employees, are in the possession and custody of Defendants.

40. At all times pertinent to this complaint, Defendants failed to comply with Title 29 U.S.C. §§ 201-209, applicable provisions of the NJWHL, as well as applicable provisions of the NJWPL, in that Plaintiff and those similarly situated employees performed services and labor for Defendants for which Defendants made no provision to pay Plaintiff and other similarly situated employees compensation to which they were lawfully entitled for their hours worked in excess of forty (40) within a work week.

41. The additional persons who may become Plaintiffs in this action are Defendants' non-exempt landscape laborers who have worked overtime hours in one or more weeks during the relevant time period and were not properly compensated for hours worked in excess of forty (40) within a workweek.

42. Plaintiff has retained the law office of Jaffe Glenn Law Group, P.A. to represent him individually and has incurred attorneys' fees and costs in bringing this action. Pursuant to 29 U.S.C. § 216(b) as well as the New Jersey wage and hour laws, Plaintiff is entitled to a recovery of reasonable attorneys' fees and costs.

## COUNT I
## RECOVERY OF OVERTIME COMPENSATION
## PURSUANT TO THE FLSA

43. Plaintiff re-alleges, and incorporates here by reference, all allegations contained in the above paragraphs.

44. Plaintiff is entitled to be paid additional compensation for each of his overtime hours worked per work period.

45. All similarly situated employees of the Defendants are also owed their overtime rate of pay for each and every overtime hour they worked and were not properly paid.

46. Defendants knowingly and willfully failed to pay Plaintiff and the other current and former employees similarly situated to him at time and one half their regular rate of pay for their overtime hours worked in a work week.

47. By reason of the said intentional, willful, and unlawful acts of Defendants, Plaintiff and those similarly situated employees have suffered damages plus incurring costs and reasonable attorneys' fees.

48. As a result of Defendants' willful violations of the Act, Plaintiff and those similarly situated employees are entitled to liquidated damages.

## COUNT II
## RECOVERY OF OVERTIME COMPENSATION
## PURSUANT TO THE NJWHL

49. Plaintiff re-alleges, and incorporates here by reference all allegations set forth in the above paragraphs.

50. New Jersey Statute 34:11-56.a4 requires that for each hour of working time in excess of 40 hours in any week, except as provided in N.J.A.C. 12:56-7.1, every employer shall pay to each of his employees, wages at a rate of not less than 1 ½ times such employee's regular hourly rate."

51. Plaintiff, and all persons similarly situated, are not exempt under N.J.A.C 12:56-7.1, and therefore, are entitled to one and one-half times their regular rate of pay for all of their hours worked in a workweek over forty (40).

52. As a direct and proximate cause of Defendants' actions, Plaintiff and all other persons similarly situated, suffered damages, including but not limited to past lost earnings.

53. As a result of Defendants' violations, Plaintiff and similarly situated individuals are entitled to liquidated damages as directed pursuant to the NJWHL.

## COUNT III
## RECOVERY OF COMPENSATION
## PURSUANT TO THE NJWPL

54. Plaintiff re-alleges and incorporates here by reference, all allegations contained in the above paragraphs.

55. Defendants' aforementioned conduct is in violation of New Jersey State Wage Payment Law. N.J.S.A. 34:11- 4.1, et seq., in that the Defendants willfully failed to pay Plaintiff for all hours worked.

56. Defendants' aforementioned conduct is in violation of New Jersey State Wage Payment Law. N.J.S.A. 34:11- 4.1, et seq., in that the Defendants willfully failed to pay individuals similarly situated to Plaintiff for all hours worked.

57. As a direct and proximate cause of Defendants' actions, Plaintiff suffered damages, including but not limited to past lost earnings.

58. As a direct and proximate cause of Defendants' actions, individuals similarly situated to Plaintiff suffered damages, including but not limited to past lost earnings.

59. As a result of Defendants' violations, Plaintiff and similarly situated individuals are entitled to liquidated damages as directed pursuant to the NJWPL.

## JURY TRIAL

60. Plaintiff and similarly situated individuals demand a jury trial.

WHEREFORE, Plaintiff LUIS LOPEZ, and those similarly situated to him, who have or will become part of this collective action, demand judgment, against Defendants JS LANDSCAPING SERVICES, LLC, aka JS LANDSCAPING, LLC, aka J&S LANDSCAPING,

LLC., JORGE SANCHEZ SILVA, Individually, and ANABEL ORTIZ PEREZ, Individually, for the payment of compensation for all overtime hours due them for which they have not been properly compensated, liquidated damages as provided for, reasonable attorneys' fees and costs of suit, and for all other appropriate relief.

Dated: April 5, 2023                    Respectfully submitted,

**JAFFE GLENN LAW GROUP, P.A.**

 /s/ Jodi J. Jaffe
Jodi J. Jaffe, Esquire
E-mail: JJaffe@JaffeGlenn.com
Andrew Glenn, Esq.
Email: aglenn@jaffeglenn.com
300 Carnegie Center, Suite 150
Princeton, New Jersey 08540
Telephone: (201) 687-9977
Facsimile: (201) 595-0308
*Attorneys for Plaintiff*